## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| TOGAIL TECHNOLOGIES LTD., <br><br> *Plaintiff*, <br><br> vs. <br><br> APPLE INC., <br><br> *Defendant*. | CASE NO.  6:22-cv-00326 <br><br> **Complaint for Patent Infringement** <br><br> **JURY DEMANDED** |

### Complaint for Patent Infringement

Plaintiff Togail Technologies Ltd. ("Togail") files this complaint against Defendant Apple Inc. ("Apple"), alleging infringement of U.S. Patent Nos. 10,743,238 (the "'238 patent"), 10,791,502 (the "'502 patent"), 10,972,972 (the "'972 patent"), and 11,115,165 (the "'165 patent") (together, the "Patents-in-Suit"). The Accused Products are the wireless communication electronic devices made, used, offered for sale, sold, imported by Defendant in the United States and sold by Defendant to its customers who sell and offer to sell those devices in the United States.

### Plaintiff Togail and the Patents-in-Suit.

1.      Plaintiff Togail Technologies is a technology licensing company organized under the laws of Ireland, with its headquarters at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland.

2.      United States Patent No. 10,743,238 (the "'238 patent"), entitled *System Information Updates in Band Width Part (BWP) Switch Operation*, was duly and lawfully issued

on August 11, 2020. Togail is the current owner of all rights, title, and interest in the '238 patent. A true and correct copy of the '238 patent is attached hereto as Exhibit 1.

3.        United States Patent No. 10,791,502 (the "'502 patent"), entitled *On-Demand System Information Request Procedure and Error Handling*, was duly and lawfully issued on September 29, 2020. Togail is the current owner of all rights, title, and interest in the '502 patent. A true and correct copy of the '502 patent is attached hereto as Exhibit 2.

4.        United States Patent No. 10,972,972 (the "'972 patent"), entitled *Methods and Apparatuses for Operating Multiple Antenna Panels*, was duly and lawfully issued on April 6, 2021. Togail is the current owner of all rights, title, and interest in the '972 patent. A true and correct copy of the '972 patent is attached hereto as Exhibit 3.

5.        United States Patent No. 11,115,165 (the "'165 patent"), entitled *Method and Apparatus for Multiple Transmit/Receive Point (TRP) Operations*, was duly and lawfully issued on September 7, 2021. Plaintiff is the current owner of all rights, title, and interest in the '165 patent. A true and correct copy of the '165 patent is attached hereto as Exhibit 4.

6.        Plaintiff and its predecessor(s)-in-interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the Patents-in-Suit, and Plaintiff is entitled to damages for Defendant's past infringement.

### Defendant and the Accused Products.

7.        Upon information and belief, Defendant Apple Inc. is a corporation organized and existing under the laws of California and has several regular and established places of business in the Austin, Texas area, including at 12545 Riata Vista Circle, Austin, Texas.

8.     The Accused Products are wireless communication devices such as mobile phones and tablets made, used, offered for sale, sold, and imported by Defendant in the United States, including without limitation Defendant's iPhones and iPads.

### Jurisdiction and Venue.

9.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     This Court has personal jurisdiction over Defendant in this action because Defendant has established minimum contacts with the United States as a whole such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Defendant has purposefully directed activities at the United States, in particular, directing Accused Products for sale to customers and distributors within the United States (including within this District) and engaging in sales and marketing efforts to generate and support such sales. Defendant has committed acts of infringement of the Patents-in-Suit giving rise to this action, such as by supplying to distributors and consumer device retailers the Accused Products in this District, including without limitation the Apple iPhones and iPads accused of infringement in this case. Defendant, directly and through subsidiaries, intermediaries, and third parties, has committed and continues to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Patents-in-Suit.

11.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendant Apple has committed acts of infringement in this District and has regular and established places of business in this District, including 12545 Riata Vista Circle, Austin, Texas.

**Count 1 – Claim for infringement of the '238 patent.**

12.    Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-12 of this Complaint as though full set forth herein.

13.    Defendant has directly infringed (literally and equivalently) and induced others to infringe the '238 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '238 patent and by inducing others to infringe the claims of the '238 patent without a license or permission from Plaintiff, those products including wireless communications devices including but not limited to the Apple iPhone 12, Apple iPhone 12 mini, Apple iPhone 12 Pro, Apple iPhone 12 Pro Max, Apple iPhone SE (3rd generation), Apple iPhone 13, Apple iPhone 13 mini, Apple iPhone 13 Pro, Apple iPhone 13 Pro Max, Apple iPad mini (6th generation), Apple iPad Air (5th generation), Apple iPad Pro 11-in. (3rd generation), and Apple iPad Pro 12.9-in (5th generation) that are covered by one or more claims of the '238 patent.

14.    On information and belief, Defendant makes, imports, offers for sale, and sells certain infringing products in the United States. The Accused Products are, for example, wireless communication electronic devices manufactured by Apple and imported, sold, and offered for sale in the United States by Apple, including but not limited to the Apple iPhone 12, Apple iPhone 12 mini, Apple iPhone 12 Pro, Apple iPhone 12 Pro Max, Apple iPhone SE (3rd generation), Apple iPhone 13, Apple iPhone 13 mini, Apple iPhone 13 Pro, Apple iPhone 13 Pro Max, Apple iPad mini (6th generation), Apple iPad Air (5th generation), Apple iPad Pro 11-in. (3rd generation), and Apple iPad Pro 12.9-in (5th generation) that are covered by one or more claims of the '238 patent.

15.     The Accused Products include products made and sold in accordance with the following standards, which infringe one or more claims of the '238 patent:

    a.   3GPP Standard TS 38.331 V15.15.0, titled "*NR; Radio Resource Control (RRC); Protocol specification.*"

    b.   3GPP Standard TS 38.331 V16.6.0, titled "*NR; Radio Resource Control (RRC); Protocol specification.*"

    c.   3GPP Standard TS 38.212 V.16.7, titled "*NR; Multiplexing and channel coding.*"

    d.   3GPP Standard TS 38.213 V.16.7, titled "*NR; Physical layer procedures for control.*"

    e.   3GPP Standard TS 38.214 V.16.7, titled "*NR; Physical layer procedures for data.*"

16.     Plaintiff is informed and believes and on such basis alleges, that Defendant's Accused Products comply with the 3GPP Standard TS 38.311 V15.15.0, 3GPP Standard TS 38.331 V16.6.0, 3GPP Standard TS 38.212 V.16.7, 3GPP Standard TS 38.213 V.16.7, and 3GPP Standard TS 38.214 V.16.7.

17.     Defendant also knowingly and intentionally induces and contributes to infringement of the '238 patent in violation of 35 U.S.C. §§ 271(b) and 271(c). Through the filing and service of this Complaint, Defendant has had knowledge of the '238 patent and the infringing nature of the Accused Products. Despite this knowledge of the '238 patent, Defendant continues to actively encourage and instruct its customers to use the Accused Products in ways that directly infringe the '238 patent. Defendant does so knowing and intending that their customers will commit these infringing acts. Defendant also continues to make, use, offer for

sale, sell, and/or import the Accused Products, despite its knowledge of the '238 patent, thereby specifically intending for and inducing its customers to infringe the '238 patent through the customers' normal and customary use of the Accused Products.

18. Defendant has infringed multiple claims of the '238 patent, including independent claim 1. By way of example only, the Accused Products infringe claim 1 of the '238 patent as set forth in Exhibit 5, which Plaintiff provides without the benefit of information about the Accused Products obtained through discovery.

19. Defendant has known how the Accused Products are made and has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Products to its customers, would constitute willful infringement of the '238 patent. Those products imported into and sold within the United States include, without limitation, Defendant's iPhones and iPads.

20. Defendant has induced, and continue to induce, infringement of the '238 patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Products. On information and belief, these acts include providing information and instructions on the use of the Accused Products; providing information, education and instructions to its customers; providing the Accused Products to customers; and indemnifying patent infringement within the United States.

21. Plaintiff has been damaged by Defendant's infringement of the '238 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**Count 2 – Claim for infringement of the '502 patent.**

22.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-22 of this Complaint as though full set forth herein.

23.     Defendant has directly infringed (literally and equivalently) and induced others to infringe the '502 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '502 patent and by inducing others to infringe the claims of the '502 patent without a license or permission from Plaintiff, those products including wireless communications devices including but not limited to the Apple iPhone 12, Apple iPhone 12 mini, Apple iPhone 12 Pro, Apple iPhone 12 Pro Max, Apple iPhone SE (3rd generation), Apple iPhone 13, Apple iPhone 13 mini, Apple iPhone 13 Pro, Apple iPhone 13 Pro Max, Apple iPad mini (6th generation), Apple iPad Air (5th generation), Apple iPad Pro 11-in. (3rd generation), and Apple iPad Pro 12.9-in (5th generation) that are covered by one or more claims of the '502 patent.

24.     On information and belief, Defendant makes, imports, offers for sale, and sells certain infringing products in the United States. The Accused Products are, for example, wireless communication electronic devices manufactured by Apple and imported, sold, and offered for sale in the United States by Apple, including but not limited to the Apple iPhone 12, Apple iPhone 12 mini, Apple iPhone 12 Pro, Apple iPhone 12 Pro Max, Apple iPhone SE (3rd generation), Apple iPhone 13, Apple iPhone 13 mini, Apple iPhone 13 Pro, Apple iPhone 13 Pro Max, Apple iPad mini (6th generation), Apple iPad Air (5th generation), Apple iPad Pro 11-in. (3rd generation), and Apple iPad Pro 12.9-in (5th generation) that are covered by one or more claims of the '502 patent.

25.     The Accused Products include products made and sold in accordance with the following standards, which infringe one or more claims of the '502 patent:

    a.  3GPP Standard TS 38.331 V15.15.0, titled "*NR; Radio Resource Control (RRC); Protocol specification.*"

    b.  3GPP Standard TS 38.331 V16.6.0, titled "*NR; Radio Resource Control (RRC); Protocol specification.*"

    c.  3GPP Standard TS 38.212 V.16.7, titled "*NR; Multiplexing and channel coding*."

    d.  3GPP Standard TS 38.213 V.16.7, titled "*NR; Physical layer procedures for control*."

    e.  3GPP Standard TS 38.214 V.16.7, titled "*NR; Physical layer procedures for data*."

26.     Plaintiff is informed and believes and on such basis alleges, that Defendant's Accused Products comply with the 3GPP Standard TS 38.311 V15.15.0, 3GPP Standard TS 38.331 V16.6.0, 3GPP Standard TS 38.212 V.16.7, 3GPP Standard TS 38.213 V.16.7, and 3GPP Standard TS 38.214 V.16.7.

27.     Defendant also knowingly and intentionally induces and contributes to infringement of the '502 patent in violation of 35 U.S.C. §§ 271(b) and 271(c). Through the filing and service of this Complaint, Defendant has had knowledge of the '502 patent and the infringing nature of the Accused Products. Despite this knowledge of the '502 patent, Defendant continues to actively encourage and instruct its customers to use the Accused Products in ways that directly infringe the '502 patent. Defendant does so knowing and intending that its customers will commit these infringing acts. Defendant also continues to make, use, offer for

sale, sell, and/or import the Accused Products, despite its knowledge of the '502 patent, thereby specifically intending for and inducing its customers to infringe the '502 patent through the customers' normal and customary use of the Accused Products.

28.     Defendant has infringed multiple claims of the '502 patent, including independent claim 1. By way of example only, the Accused Products infringe claim 1 of the '502 patent as set forth in Exhibit 6, which Plaintiff provides without the benefit of information about the Accused Products obtained through discovery.

29.     Defendant has known how the Accused Products are made and has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Products to its customers, would constitute willful infringement of the '502 patent. Those products imported into and sold within the United States include, without limitation, Defendant's iPhones and iPads.

30.     Defendant has induced, and continue to induce, infringement of the '502 patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Products. On information and belief, these acts include providing information and instructions on the use of the Accused Products; providing information, education and instructions to its customers; providing the Accused Products to customers; and indemnifying patent infringement within the United States.

31.     Plaintiff has been damaged by Defendant's infringement of the '502 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**Count 3 – Claim for infringement of the '972 patent.**

32.    Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-32 of this Complaint as though full set forth herein.

33.    Defendant has directly infringed (literally and equivalently) and induced others to infringe the '972 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '972 patent and by inducing others to infringe the claims of the '972 patent without a license or permission from Plaintiff, those products including wireless communications devices including but not limited to the Apple iPhone 12, Apple iPhone 12 mini, Apple iPhone 12 Pro, Apple iPhone 12 Pro Max, Apple iPhone SE (3rd generation), Apple iPhone 13, Apple iPhone 13 mini, Apple iPhone 13 Pro, Apple iPhone 13 Pro Max, Apple iPad mini (6th generation), Apple iPad Air (5th generation), Apple iPad Pro 11-in. (3rd generation), and Apple iPad Pro 12.9-in (5th generation) that are covered by one or more claims of the '972 patent.

34.    On information and belief, Defendant makes, imports, offers for sale, and sells certain infringing products in the United States. The Accused Products are, for example, wireless communication electronic devices manufactured by Apple and imported, sold, and offered for sale in the United States by Apple, including but not limited to the Apple iPhone 12, Apple iPhone 12 mini, Apple iPhone 12 Pro, Apple iPhone 12 Pro Max, Apple iPhone SE (3rd generation), Apple iPhone 13, Apple iPhone 13 mini, Apple iPhone 13 Pro, Apple iPhone 13 Pro Max, Apple iPad mini (6th generation), Apple iPad Air (5th generation), Apple iPad Pro 11-in. (3rd generation), and Apple iPad Pro 12.9-in (5th generation) that are covered by one or more claims of the '972 patent.

35.     The Accused Products include products made and sold in accordance with the following standards, which infringe one or more claims of the '972 patent:

      a.  3GPP Standard TS 38.331 V15.15.0, titled "*NR; Radio Resource Control (RRC); Protocol specification.*"

      b.  3GPP Standard TS 38.331 V16.6.0, titled "*NR; Radio Resource Control (RRC); Protocol specification.*"

      c.  3GPP Standard TS 38.212 V.16.7, titled "*NR; Multiplexing and channel coding.*"

      d.  3GPP Standard TS 38.213 V.16.7, titled "*NR; Physical layer procedures for control.*"

      e.  3GPP Standard TS 38.214 V.16.7, titled "*NR; Physical layer procedures for data.*"

36.     Plaintiff is informed and believes and on such basis alleges, that Defendant's Accused Products comply with the 3GPP Standard TS 38.311 V15.15.0, 3GPP Standard TS 38.331 V16.6.0, 3GPP Standard TS 38.212 V.16.7, 3GPP Standard TS 38.213 V.16.7, and 3GPP Standard TS 38.214 V.16.7.

37.     Defendant also knowingly and intentionally induces and contributes to infringement of the '972 patent in violation of 35 U.S.C. §§ 271(b) and 271(c). Through the filing and service of this Complaint, Defendant has had knowledge of the '972 patent and the infringing nature of the Accused Products. Despite this knowledge of the '972 patent, Defendant continues to actively encourage and instruct its customers to use the Accused Products in ways that directly infringe the '972 patent. Defendant does so knowing and intending that its customers will commit these infringing acts. Defendant also continues to make, use, offer for

sale, sell, and/or import the Accused Products, despite its knowledge of the '972 patent, thereby specifically intending for and inducing its customers to infringe the '972 patent through the customers' normal and customary use of the Accused Products.

38.     Defendant has infringed multiple claims of the '972 patent, including independent claim 1. By way of example only, the Accused Products infringe claim 1 of the '972 patent as set forth in Exhibit 7, which Plaintiff provides without the benefit of information about the Accused Products obtained through discovery.

39.     Defendant has known how the Accused Products are made and has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Products to its customers, would constitute willful infringement of the '972 patent. Those products imported into and sold within the United States include, without limitation, Defendant's iPhones and iPads.

40.     Defendant has induced, and continue to induce, infringement of the '972 patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Products. On information and belief, these acts include providing information and instructions on the use of the Accused Products; providing information, education and instructions to its customers; providing the Accused Products to customers; and indemnifying patent infringement within the United States.

41.     Plaintiff has been damaged by Defendant's infringement of the '972 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**Count 4 – Claim for infringement of the '165 patent.**

42.    Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-42 of this Complaint as though full set forth herein.

43.    Defendant has directly infringed (literally and equivalently) and induced others to infringe the '165 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '165 patent and by inducing others to infringe the claims of the '165 patent without a license or permission from Plaintiff, those products including wireless communications devices including but not limited to the Apple iPhone 12, Apple iPhone 12 mini, Apple iPhone 12 Pro, Apple iPhone 12 Pro Max, Apple iPhone SE (3rd generation), Apple iPhone 13, Apple iPhone 13 mini, Apple iPhone 13 Pro, Apple iPhone 13 Pro Max, Apple iPad mini (6th generation), Apple iPad Air (5th generation), Apple iPad Pro 11-in. (3rd generation), and Apple iPad Pro 12.9-in (5th generation) that are covered by one or more claims of the '165 patent.

44.    On information and belief, Defendant makes, imports, offers for sale, and sells certain infringing products in the United States. The Accused Products are, for example, wireless communication electronic devices manufactured by Apple and imported, sold, and offered for sale in the United States by Apple, including but not limited to the Apple iPhone 12, Apple iPhone 12 mini, Apple iPhone 12 Pro, Apple iPhone 12 Pro Max, Apple iPhone SE (3rd generation), Apple iPhone 13, Apple iPhone 13 mini, Apple iPhone 13 Pro, Apple iPhone 13 Pro Max, Apple iPad mini (6th generation), Apple iPad Air (5th generation), Apple iPad Pro 11-in. (3rd generation), and Apple iPad Pro 12.9-in (5th generation) that are covered by one or more claims of the '165 patent.

45.     The Accused Products include products made and sold in accordance with the following standards, which infringe one or more claims of the '165 patent:

    a.   3GPP Standard TS 38.331 V15.15.0, titled "*NR; Radio Resource Control (RRC); Protocol specification.*"

    b.   3GPP Standard TS 38.331 V16.6.0, titled "*NR; Radio Resource Control (RRC); Protocol specification.*"

    c.   3GPP Standard TS 38.212 V.16.7, titled "*NR; Multiplexing and channel coding.*"

    d.   3GPP Standard TS 38.213 V.16.7, titled "*NR; Physical layer procedures for control.*"

    e.   3GPP Standard TS 38.214 V.16.7, titled "*NR; Physical layer procedures for data.*"

46.     Plaintiff is informed and believes and on such basis alleges, that Defendant's Accused Products comply with the 3GPP Standard TS 38.311 V15.15.0, 3GPP Standard TS 38.331 V16.6.0, 3GPP Standard TS 38.212 V.16.7, 3GPP Standard TS 38.213 V.16.7, and 3GPP Standard TS 38.214 V.16.7.

47.     Defendant also knowingly and intentionally induces and contributes to infringement of the '165 patent in violation of 35 U.S.C. §§ 271(b) and 271(c). Through the filing and service of this Complaint, Defendant has had knowledge of the '165 patent and the infringing nature of the Accused Products. Despite this knowledge of the '165 patent, Defendant continues to actively encourage and instruct its customers to use the Accused Products in ways that directly infringe the '165 patent. Defendant does so knowing and intending that its customers will commit these infringing acts. Defendant also continues to make, use, offer for

sale, sell, and/or import the Accused Products, despite their knowledge of the '165 patent, thereby specifically intending for and inducing its customers to infringe the '165 patent through the customers' normal and customary use of the Accused Products.

48.     Defendant has infringed multiple claims of the '165 patent, including independent claim 1. By way of example only, the Accused Products infringe claim 1 of the '165 patent as set forth in Exhibit 8, which Plaintiff provides without the benefit of information about the Accused Products obtained through discovery.

49.     Defendant has known how the Accused Products are made and has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Products to its customers, would constitute willful infringement of the '165 patent. Those products imported into and sold within the United States include, without limitation, Defendant's iPhones and iPads.

50.     Defendant has induced, and continue to induce, infringement of the '165 patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Products. On information and belief, these acts include providing information and instructions on the use of the Accused Products; providing information, education and instructions to its customers; providing the Accused Products to customers; and indemnifying patent infringement within the United States.

51.     Plaintiff has been damaged by Defendant's infringement of the '165 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**Jury demand.**

52.     Plaintiff demands trial by jury of all issues.

15

**Relief requested.**

Plaintiff prays for the following relief:

A.      A judgment in favor of Plaintiff that Defendant has infringed the Patents-in-Suit, and that the Patents-in-Suit are valid, enforceable, and patent-eligible;

B.      A judgment and order requiring Defendant to pay Plaintiff compensatory damages, costs, expenses, and pre- and post-judgment interest for its infringement of the Patents-in-Suit, as provided under 35 U.S.C. § 284;

C.      A permanent injunction prohibiting Defendant from further acts of infringement of the Patents-in-Suit;

D.      A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Patents-in-Suit, including, without limitation, pre-judgment and post-judgment interest;

E.      A finding that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorney's fees and costs; and

F.      Any and all other relief to which Plaintiff may be entitled.

Dated:  March 28, 2022

Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email: claire@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
Email: andrea@wsfirm.com
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**ATTORNEYS FOR PLAINTIFF,
TOGAIL TECHNOLOGIES LTD.**